USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Manuel A. Molina Marquez, and Marigla M. Molina Marquez Next Friend., <br><br> Petitioner, <br><br> -against- <br><br> LAWRENCE CATLETTI, in his official capacity as Colonel of Correctional Command Staff for Orange County, New York. MARCUS CHARLES, in his official capacity as acting Executive Associate Director, Enforcement and Removal Operations WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Director, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; and U.S. Immigration and Customs Enforcement, <br><br> Respondents. | 1:26-cv-00677 (MKV) <br><br> **TRANSFER ORDER** |

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Manuel A. Molina Marquez, through his next friend Marigla M. Molina Marquez who is Petitioner's sister, filed the pending Petition for a writ of habeas corpus under 28 U.S.C. § 2241 on January 26, 2026. [ECF No. 1]. Contemporaneously, Petitioner, who is proceeding *pro se*, filed an emergency motion for a temporary restraining order ("TRO"), [ECF No. 3], as well as a proposed order that would restrain Respondents (the "Government), pending consideration of the underlying Petition, from (1) "attempting to remove the Petitioner outside of the jurisdiction of the U.S. District Court for the Southern District of New York"; (2) "removing Petitioner from

the United States"; and (3) "from moving Petitioner unless seventy-two (72) hours written notice of any movement is provided to petitioner's counsel[.]"  [ECF No. 4].

On January 27, 2026 the Court ordered the Government to respond to the underlying Petition and Petitioner's motion for a TRO by January 30, 2026 and for Petitioner to file a reply by February 6, 2026.  [ECF No. 7],

The Government timely responded by filing a motion to transfer this case to the United States District Court for the Western District of Louisiana [ECF No. 10], a Memorandum of Law in support ("Mem.") [ECF No. 11], and the Declaration of Supervisory Detention and Deportation Officer Kareem Johnson ("Johnson Decl.") [ECF No. 12].  Petitioner did not file a Reply by February 6, 2026 and has not to this date.

 For the following reasons, the Court GRANTS the Government's motion and TRANSFERS this action in its entirety to the United States District Court for the Western District of Louisiana.

In order to entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian.  *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian).  Where, as here, Petitioner challenges his present physical confinement, "jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

According to the Petition, Petitioner was arrested at 26 Federal Plaza New York, NY on January 22, 2026.  Pet. ¶ 2.  Petitioner, through his next friend Marigla M. Molina Marquez, subsequently filed a habeas Petition on January 26, 2026 seeking Petitioner's immediate release

from custody. *See generally* Pet. According to the Petition, Petitioner was being detained at the Orange County Correctional Center in Goshen, NY at the time of filing. Pet. ¶ 18.

However, according to the unrebutted declaration of Supervisory Detention and Deportation Officer Kareem Johnson, at the time the Petition was filed, Petitioner was detained at the Alexandria Staging Facility located in Alexandria, Louisiana. Johnson Decl. ¶¶ 7-8. Indeed, on January 24, 2026—before the Petition was filed—Petitioner was transferred from Orange County Jail in Goshen, NY to Port Isabel Service Processing Center in Los Fresnos, Texas. *Id.* ¶¶ 5-7. He was booked into the Port Isabel Service Processing Center on January 25, 2026. *Id.* ¶ 6. That same day, Petitioner was transferred to the Alexandria Staging Facility and he was detained in Alexandria, Louisiana at the time the Petition was filed. *Id.* ¶¶ 7-8. Petitioner fails to rebut any of these facts. The Alexandria Staging Facility is located the judicial district of the Western District of Louisiana.

Accordingly, because Petitioner was not located in the Southern District of New York at the time the Petition was filed, the Court does not have jurisdiction over his custodian. S*ee Padilla*, 542 U.S. at 441. Thus, in the interest of justice, the Court transfers this petition to the United States District Court for the Western District of Louisiana. *See* 28 U.S.C. §§ 1404(a), 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Louisiana.

The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case, and directs immediate transfer.

The United States Attorney is directed forthwith to alert the Chief of the Civil Division United States Attorney's Office for the Western District of Louisiana of the transfer of this matter.

The Court directs the Clerk of Court to mail a copy of this order to Petitioner's next of friend at the address on record.

This order closes the case in the Southern District of New York.

**SO ORDERED.**

Dated:  February 9, 2026
        New York, New York

_____
**MARY KAY VYSKOCIL**
United States District Judge