# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| MANUEL A. MOLINA MARQUEZ | CIVIL ACTION NO. 26-0390 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| LAWRENCE CATLETTI, ET AL. | MAGISTRATE JUDGE McCLUSKY |

## ORDER

Pending before the Court is a motion for a temporary restraining order and preliminary junction filed by the Petitioner, Manuel A. Molina Marquez, who proceeds *pro se*. The Petitioner filed his motion alongside a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York. On February 9, 2026, the Southern District of New York transferred the case to the United States District Court for the Western District of Louisiana. R. Doc. 13 (explaining Petitioner had been in custody in Alexandria, Louisiana when he filed his petition). In his motion for a temporary restraining order, the Petitioner asked that the Court restrain the government from removing him from the Southern District of New York. Because the Petitioner had already been transported out of New York when he filed that petition, this request is moot.

The Petitioner also asked that the Court enjoin the government from removing him from the United States. To obtain a preliminary injunction, the Petitioner must show that he is "likely to succeed on the merits" of his case. *United States v. Abbott*, 110 F.4th 700, 706-07 (5th Cir. 2024). In his petition for a writ of habeas corpus, the

Petitioner argued that his detention is unlawful because the immigration authorities have not provided him with a bond hearing. Notably, the Petitioner made no argument that he is entitled to lawful status in the United States. Regarding the lack of a bond hearing, in *Victor Buenrostro-Mendez v. Pamela Bondi, et al.*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), the United States Court of Appeals for the Fifth Circuit recently found that illegal aliens are not entitled to such a hearing, even if they have resided in the United States for years. Accordingly, the Petitioner is not likely to succeed on the merits of his case, and his motion for a temporary restraining order is **DENIED**. The Court further orders that the Petitioner's petition for a writ of habeas corpus is **REFERRED** to the Magistrate Judge for consideration and disposition.

    **DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of February, 2026.

 

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**